J-S38027-17

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT I.O.P. 65.37**

| COMMONWEALTH OF PENNSYLVANIA, | IN THE SUPERIOR COURT OF PENNSYLVANIA |
|---|---|
| Appellee | |
| v. | |
| JEROME EVANS, | |
| Appellant | No. 3484 EDA 2016 |

Appeal from the PCRA Order October 4, 2016
In the Court of Common Pleas of Northampton County
Criminal Division at No(s): CP-48-CR-0000642-2011

BEFORE: GANTMAN, P.J., SHOGAN and FITZGERALD,[*] JJ.

MEMORANDUM BY SHOGAN, J.: **FILED AUGUST 25, 2017**

Appellant, Jerome Evans, appeals *pro se* from the order denying his fourth petition for relief filed pursuant to the Post Conviction Relief Act ("PCRA"), 42 Pa.C.S. §§ 9541-9546. We affirm.

Following a jury trial, Appellant was convicted on October 6, 2011, of unlawful possession of a controlled substance with the intent to deliver (heroin) ("PWID").[1] On December 2, 2011, Appellant was sentenced to a period of state incarceration for a minimum of seven years to a maximum of fifteen years. Appellant timely filed a direct appeal, and on May 17, 2013, this Court affirmed Appellant's judgment of sentence. ***Commonwealth v.***

_____

[*] Former Justice specially assigned to the Superior Court.

[1] 35 P.S. § 780-113(a)(30).

- 1 -

*Evans*, 81 A.3d 998, 378 EDA 2012 (Pa. Super. filed May 17, 2013) (unpublished memorandum). Appellant did not file a petition for allowance of appeal to our Supreme Court.

Appellant filed his first PCRA petition on July 1, 2013, and counsel was appointed. The petition was denied by order entered August 27, 2013. Appellant filed an appeal from the order denying his first PCRA petition. The order was affirmed by this Court on July 21, 2014. *Commonwealth v. Evans*, 105 A.3d 796, 2825 EDA 2013 (Pa. Super. filed July 21, 2014) (unpublished memorandum).

Appellant filed a second PCRA petition on January 5, 2015. Appellant filed a motion to amend his PCRA petition on March 17, 2015. By order entered March 20, 2015, the PCRA court dismissed Appellant's second PCRA petition and denied Appellant's motion to amend his PCRA petition.

On May 5, 2015, Appellant filed a motion challenging the legality of his sentence, which the PCRA court treated as a third PCRA petition. The petition was denied by order of the PCRA court on January 6, 2016. On January 29, 2016, Appellant filed an appeal, and on June 22, 2016, this Court dismissed the appeal because Appellant failed to file a brief. *Commonwealth v. Evans*, 368 EDA 2016 (Order) (Pa. Super. filed June, 22, 2016).

On June 17, 2016, while his appeal from the denial of his third PCRA petition was still pending in the Superior Court, Appellant filed his fourth

PCRA petition. On June 28, 2016, the PCRA court issued a notice of intent to dismiss Appellant's fourth PCRA petition without a hearing. On July 14, 2016, Appellant filed a notice of intention to file a response to the court's Pa.R.Crim.P. 907(1) notice. On July 21, 2016, Appellant filed a response to the PCRA court's notice of intent to dismiss. On August 26, 2016, the PCRA court issued another notice of intent to dismiss Appellant's fourth PCRA petition without a hearing. On October 4, 2016, the PCRA court dismissed Appellant's fourth PCRA petition.

On November 3, 2016, Appellant timely appealed the PCRA court's October 4, 2016 order. Appellant and the PCRA court complied with Pa.R.A.P. 1925.

Appellant presents the following issues for our review:

1. Did the trial court err and abuse [its discretion] by failing to grant relief based on the Commonwealth's violation of Rule 573(A) pertaining to pretrial discovery[?]

2. Whether [Appellant] was entitled to a new trial given the Commonwealth violated the mandate announced in **Brady v. Maryland**[?]

3. Whether the trial court erred by dismissing [Appellant's] properly filed petition for [PCRA] relief without an evidentiary hearing[?]

Appellant's Brief at 4 (full capitalization omitted).

Our standard of review of an order denying PCRA relief is whether the record supports the PCRA court's determination and whether the PCRA court's determination is free of legal error. **Commonwealth v. Phillips**, 31

- 3 -

A.3d 317, 319 (Pa. Super. 2011) (citing **Commonwealth v. Berry**, 877 A.2d 479, 482 (Pa. Super. 2005)). The PCRA court's findings will not be disturbed unless there is no support for the findings in the certified record. **Id**. (citing **Commonwealth v. Carr**, 768 A.2d 1164, 1166 (Pa. Super. 2001)).

We first note that Appellant's fourth PCRA petition was filed on June 17, 2016, while his appeal from the denial of his third PCRA petition was pending in this Court. In **Commonwealth v. Lark**, 746 A.2d 585 (Pa. 2000), our Supreme Court held that "when an appellant's PCRA appeal is pending before a court, a subsequent PCRA petition cannot be filed until the resolution of review of the pending PCRA petition by the highest state court in which review is sought, or upon the expiration of the time for seeking such review." **Id.** at 588. Here, this Court dismissed Appellant's third PCRA petition on June 22, 2016, due to Appellant's failure to file a brief, and on June 28, 2016, the PCRA court filed a notice of intent to dismiss Appellant's fourth PCRA petition. In its notice of intent to dismiss the fourth PCRA petition, the PCRA court cited **Lark**, noted that the Superior Court dismissed Appellant's appeal of the third PCRA petition on June 22, 2016, but concluded that because the period for review of this Court's decision had not yet expired, the fourth PCRA petition must therefore be denied. Notice of Intent, 6/28/16, at 1-2.

Appellant filed a response in which he acknowledged the holding in *Lark* as set forth by the PCRA court, but further asserted that by failing to file a brief, and this Court's related dismissal of his appeal, Appellant's appeal from the third PCRA petition had been abandoned. Appellant's Response to the PCRA Court's 907(1) Statement, 7/21/16, at 1-2. In support of his position, Appellant cited to *Lark's* language indicating that if a previous appeal had been abandoned, or was so defective that it could not be regarded as pending, then review of a second proceeding is not prohibited. *Id.* As a result, Appellant maintained that the PCRA court had jurisdiction to entertain his fourth PCRA petition. *Id.* at 2.

In its subsequent notice of intent to dismiss Appellant's fourth PCRA petition filed August 26, 2016, the PCRA court recognized that "at present, [Appellant's] appeal from this [c]ourt's dismissal of his Third PCRA Petition is no longer pending in the Superior Court, and the time for [Appellant] to seek review in the Supreme Court of Pennsylvania has expired." Notice of Intention to Dismiss [Appellant's] Fourth Petition for Post-Conviction Collateral Relief Without a Hearing, 8/26/16, at 3. The PCRA court stated that although Appellant's fourth PCRA petition could be dismissed on the basis of *Lark*, in the interest of judicial economy, it would address Appellant's fourth PCRA petition, which it dismissed following its determination that it was untimely and furthermore, lacked merit. *Id.* at 3-4.

Our review of the record reflects that even if not disposed of pursuant to **Lark**, the PCRA court properly dismissed Appellant's fourth PCRA petition as untimely filed. A PCRA petition must be filed within one year of the date that the judgment of sentence becomes final. 42 Pa.C.S. § 9545(b)(1). This time requirement is mandatory and jurisdictional in nature, and the court may not ignore it in order to reach the merits of the petition. **Commonwealth v. Cintora**, 69 A.3d 759, 762 (Pa. Super. 2013). A judgment of sentence "becomes final at the conclusion of direct review, including discretionary review in the Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review." 42 Pa.C.S. § 9545(b)(3).

However, an untimely petition may be received when the petition alleges, and the petitioner proves, that any of the three limited exceptions to the time for filing the petition, set forth at 42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii), is met.[2] A petition invoking one of these exceptions must be filed within sixty days of the date the claim could first have been presented. 42

---

[2] The exceptions to the timeliness requirement are:

> (i) the failure to raise the claim previously was the result of interference by government officials with the presentation of the claim in violation of the Constitution or laws of this Commonwealth or the Constitution or laws of the United States;

*(Footnote Continued Next Page)*

Pa.C.S. § 9545(b)(2). In order to be entitled to the exceptions to the PCRA's one-year filing deadline, "the petitioner must plead and prove specific facts that demonstrate his claim was raised within the sixty-day time frame" under section 9545(b)(2). ***Carr***, 768 A.2d at 1167.

As noted, Appellant was sentenced on December 2, 2011. This Court affirmed Appellant's judgment of sentence on May 17, 2013. Appellant did not file a petition for allowance of appeal. Accordingly, Appellant's judgment of sentence became final on June 17, 2013,[3] when the time for filing a petition for allowance of appeal with the Pennsylvania State Supreme Court expired. ***See*** 42 Pa.C.S. § 9545(b)(3) (providing that "a judgment becomes final at the conclusion of direct review, including discretionary review in the

---

*(Footnote Continued)* ─────────────

> (ii)    the facts upon which the claim is predicated were unknown to the petitioner and could not have been ascertained by the exercise of due diligence; or

> (iii)    the right asserted is a constitutional right that was recognized by the Supreme Court of the United States or the Supreme Court of Pennsylvania after the time period provided in this section and has been held by that court to apply retroactively.

42 Pa.C.S. § 9545(b)(1)(i), (ii), and (iii).

[3] We note that because the thirtieth day of the appeal period, June 16, 2013, fell on a Sunday, Appellant had until Monday, June 17, 2013, to file a petition for allowance of appeal with our Supreme Court. ***See*** 1 Pa.C.S. § 1908 (stating that, for computations of time, whenever the last day of any such period shall fall on Saturday or Sunday, or a legal holiday, such day shall be omitted from the computation); ***Commonwealth v. Green***, 862 A.2d 613, 618 (Pa. Super. 2004).

Supreme Court of the United States and the Supreme Court of Pennsylvania, or at the expiration of time for seeking the review."); Pa.R.A.P. 1113(a) ("a petition for allowance of appeal shall be filed with the Prothonotary of the Supreme Court within 30 days after the entry of the order of the Superior Court . . . sought to be reviewed."). Therefore, Appellant had to file the current PCRA petition by June 17, 2014, in order for it to be timely. Appellant filed the instant PCRA petition, his fourth, on June 17, 2016. Accordingly, Appellant's instant PCRA petition is patently untimely.

As previously stated, if a petitioner does not file a timely PCRA petition, his petition may nevertheless be received under any of the three limited exceptions to the timeliness requirements of the PCRA. 42 Pa.C.S. § 9545(b)(1). If a petitioner asserts one of these exceptions, he must file his petition within sixty days of the date that the exception could be asserted. 42 Pa.C.S. § 9545(b)(2).

Appellant argues that "[o]n April 14, 2016, [he] discovered that the [C]ommonwealth had withheld discovery during the time of trial. The undisclosed discovery was **Brady**[4] material." Appellant's Brief at 6. Additionally, Appellant's claims involve the Commonwealth's alleged failure to produce the "Investigative Main Narrative of prosecuting Police Officer Thomas Beiser." **Id.** at 5. Appellant asserts this report contained

---

[4] **Brady v. Maryland**, 373 U.S. 83 (1963).

impeachment information and "if used effectively during pretrial challenges to the affidavit, the outcome of the proceedings would have been different." *Id.* Thus, Appellant contends, the PCRA court erred by dismissing his PCRA petition without affording him an evidentiary hearing "so that [A]ppellant would be able to fully develop the claims advanced within the petition." *Id.*

In order to sustain an untimely PCRA petition under the newly-discovered facts exception pursuant to section 9545(b)(1)(ii), a petitioner must establish that:

> 1) the facts upon which the claim was predicated were unknown and 2) could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). If the petitioner alleges and proves these two components, then the PCRA court has jurisdiction over the claim under this subsection.

*Commonwealth v. Bennett*, 930 A.2d 1264, 1272 (Pa. 2007) (internal citations and quotations omitted). "Due diligence demands that the petitioner take reasonable steps to protect his own interests. A petitioner must explain why he could not have learned the new fact(s) earlier with the exercise of due diligence. This rule is strictly enforced." *Commonwealth v. Williams*, 35 A.3d 44, 53 (Pa. Super. 2011) (internal citations omitted). Additionally, the sixty-day time limit related to Section 9545(b)(ii) runs from the date the petitioner first learned of the alleged after-discovered facts. *Id.* A petitioner must explain when he first learned of the facts underlying his PCRA claims and show that he brought his claim within sixty days thereafter. *See Commonwealth v. Albrecht*, 994 A.2d 1091, 1094 (Pa. 2010)

- 9 -

(holding petitioner failed to demonstrate his PCRA petition was timely where he did not explain when he first learned of facts underlying his PCRA petition). All of the time limits set forth in the PCRA are jurisdictional and must be strictly construed. ***Commonwealth v. Fahy***, 959 A.2d 312, 315 (Pa. 2008).

Although Appellant baldly asserts that he discovered these alleged newly-discovered facts on April 14, 2016, Appellant's Brief at 6, he does not explain what occurred to alert him to this evidence. He asserts "the non-disclosed evidence . . . triggered the inquiry," Appellant's Brief at 8, but fails to explain how he came to learn of the "non-disclosed" evidence.

Furthermore, Appellant fails to establish that this information was previously unknown to him. Specifically, Appellant contends that the undisclosed facts are favorable to Appellant because it disproves sworn statements in Detective Beiser's affidavit. Appellant's Brief at 10. However, in his brief, Appellant maintains that during a ***Franks***[5] hearing, Detective Beiser revealed that information included in the affidavit was false.

---

[5] ***Franks v. Delaware***, 438 U.S. 154 (1978) (holding where a defendant makes a substantial preliminary showing that a false statement was knowingly and deliberately, or with reckless disregard for the truth, included by an affiant in his application for a search warrant and where the alleged false statement was necessary to a finding of probable cause, the Fourth Amendment requires that a hearing be held at defendant's request so that he might challenge the veracity and integrity of the warrant.).

Appellant's Brief at 9. Thus, this information was previously known to Appellant.

Moreover, Appellant does not offer an explanation as to why he could not have discovered these facts with due diligence, other than asserting that he did not make assumptions that the Commonwealth would commit a discovery/**Brady** violation. Appellant's Brief at 8. As noted, Appellant's claim is that the Commonwealth failed to turn over evidence that was available pretrial. Appellant, however, has failed to establish that the facts upon which this claim is predicated could not have been ascertained by the exercise of due diligence. 42 Pa.C.S. § 9545(b)(1)(ii). As addressed, Appellant was aware of false statements being included in Detective Beiser's affidavit at the time of the **Franks** hearing. Appellant's claim that he is now aware of additional false statements included in Detective Beiser's affidavit does not constitute grounds for relief for reasons stated previously. Accordingly, Appellant has failed to establish the exception to the time bar pursuant to 42 Pa.C.S. § 9545(b)(1)(ii).[6]

_____

[6] To the extent Appellant's claim could be considered an invocation of the governmental interference exception to the PCRA time-bar pursuant to Section 9545(b)(1)(i), we note that for the same reasons set forth above, Appellant has failed to establish that the facts upon which his claim is predicated were not previously known to him or that those facts could not have been ascertained through due diligence. **See Commonwealth v. Abu–Jamal**, 941 A.2d 1263, 1268 (Pa. 2008) (concluding that not only must a petitioner assert that "the facts upon which the **Brady** claim is predicated were not previously known to the petitioner," but also that they

*(Footnote Continued Next Page)*

We further note that Appellant claims the PCRA court erred in denying his petition absent an evidentiary hearing. However, it is well settled that the right to an evidentiary hearing on a PCRA petition is not absolute, and the PCRA court may decline to hold a hearing if the petitioner's claims are patently frivolous with no support in either the record or other evidence. ***Commonwealth v. Walls***, 993 A.2d 289, 295 (Pa. Super. 2010). Here, we find no error.

Order affirmed.

Judgment Entered.

Joseph D. Seletyn, Esq.
Prothonotary

Date: 8/25/2017

---

*(Footnote Continued)* ————————

"could not have been ascertained through due diligence"); ***Commonwealth v. Hawkins***, 953 A.2d 1248, 1253 (Pa. 2006) ("Although a ***Brady*** violation may fall within the governmental interference exception, the petitioner must plead and prove that the failure to previously raise these claims was the result of interference by government officials, and that the information could not have been obtained earlier with the exercise of due diligence.") (citation omitted).